# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| GLENN R. BROOKS,<br><br>    Plaintiff,<br><br>  v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>    Defendant. | Case No. 12-cv-06329 NC<br><br>**ORDER RE: CROSS-MOTIONS FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 19, 21 |

Plaintiff Glenn Brooks seeks judicial review of the Commissioner of Social Security's final decision denying Brooks' claim for disability insurance benefits and supplemental security income as a person disabled and unable to engage in substantial gainful activity. Both parties move for summary judgment. The single issue on review is whether the ALJ properly weighed medical evidence of Brooks' mental impairment in assessing Brooks' residual functional capacity. The Court finds that the ALJ did not err in weighing the medical evidence. The Court therefore DENIES Brooks' motion for summary judgment and GRANTS the Commissioner's cross-motion for summary judgment.

# I. BACKGROUND

Because plaintiff only challenges the ALJ's findings regarding his mental impairment, the Court reviews only the background related to that issue.

### A.   Agency Review

On October 20, 2008, Brooks applied for disability insurance benefits and supplemental security income claiming that various mental and physical impairments rendered him disabled and unable to work since January 1, 1993. (AR 165-175). The Social Security Administration ("SSA") denied Brooks' request for both types of benefits on January 16, 2009, and again upon reconsideration on January 15, 2010. (AR 80-88, 94-98). The SSA found that there was insufficient medical evidence to establish that Brooks' condition affected his ability to perform substantial work. (AR 80-81, 94).

### B.   Administrative Review

Brooks sought administrative review of the SSA's decision. (AR 106-107). At a hearing before Administrate Law Judge Caroline H. Beers on April 27, 2011, Brooks testified about his mental and physical health and how that affected his ability to work. (AR 48-68). Vocational expert Lynda Berkeley also testified. (AR 68-74).

#### 1.   Brooks' Testimony at the April 27, 2011, Hearing

Brooks resides alone in an apartment, but receives help with cooking, shopping, and laundry from his niece and son, who visit him several times per week. (AR 60). Brooks testified that he has a driver's license, but does not drive due to his moods. (AR 48). Brooks takes several medications for his physical pain and testified that the medicine makes him tired. (AR 53). Brooks also takes Valium for anxiety. (AR 58). Brooks testified that he suffers from depression, which is spurred by his public accidents due to incontinence. *Id.* Brooks occasionally has friends visit him at home, but does not leave his house to visit others because he does not want to "mess up someone else's night because of the way I feel." (AR 61).

When asked by the ALJ, Brooks stated that he had no problems with his memory, but that he was uncomfortable being around crowds or strangers due to his incidences of

incontinence. (AR 59). Brooks testified that he could read, write, and do simple math. (AR 48). Brooks attended one year of college. *Id.*

### 2. The ALJ's Findings

On May 17, 2011, the ALJ issued her decision, finding that Brooks was not disabled by his physical or mental health issues, and that he retained sufficient residual functional capacity for light work with some limitations. (AR 21-31). The ALJ analyzed Brooks' claims under the five-step evaluation process for determining disability. (AR 22-23); *see* 20 C.F.R. §§ 404.1520(a), 416.920(a).

At step four, the ALJ determined that Brooks has the residual functional capacity to perform light work, except that he "can perform simple tasks … [and] can make simple work-related decisions with few workplace changes and no public contact." (AR 25). In reviewing Brooks' alleged mental impairments, the ALJ reviewed records from examining psychiatrist Dr. Jasdeep S. Aulakh and non-examining state agency psychiatric consultant Dr. R. Paxton. (AR 28). The ALJ reviewed Dr. Aulakh's opinion, in which he ultimately diagnosed Brooks with a depressive disorder and indicated that Brooks "might need support for detailed and complex tasks and he might have difficulty with persistence, pace, reliability, and maintaining adequate concentration." (AR 28). The ALJ then noted that the state agency psychiatric consultant, Dr. Paxton, found that Brooks has "the cognitive and concentrative capacity to perform, understand, and remember simple level tasks and instructions with no adaptive limitations and the claimant should work in a non-public setting." *Id.* The ALJ agreed with Dr. Paxton's assessment, and found "no evidence or opinions to the contrary." *Id.*

Based on the ALJ's residual functional capacity assessment and the testimony of the vocational expert, the ALJ found that "the claimant is capable of making a successful adjustment to other work that exists in significant numbers in the national economy." (AR 30-31).

## C. The Appeals Council's Denial of Review

Brooks appealed the ALJ's decision to the Appeals Council, but his request was denied on October 3, 3012. (AR 10). Brooks initiated this action for judicial review on December 13, 2012. Dkt. No. 1. Both parties have consented to the jurisdiction of a magistrate judge. Dkt. Nos. 9, 10.

## II. STANDARD OF REVIEW

A district court has the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing." 42 U.S.C. § 405(g). The decision of the Commissioner should only be disturbed if it is not supported by substantial evidence or it is based on legal error. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (internal citation and quotation omitted). "Substantial evidence is more than a mere scintilla but less than a preponderance." *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (internal citation and quotation omitted). It is evidence that a reasonable mind would accept as adequate to support the conclusion. *Id.* "Where evidence is susceptible to more than one rational interpretation, the ALJ's decision should be upheld." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008) (internal citation and quotation omitted).

When reviewing the ALJ's weighing of medical evidence, additional standards apply. *Id.*; 20 C.F.R. § 416.927. If a claimant has a treatment relationship with a provider and that provider's opinion is supported by clinical evidence and not inconsistent with the record, the provider will be given controlling weight. 20 C.F.R. § 416.927(c)(2). "To reject [the] uncontradicted opinion of a treating or examining doctor, an ALJ must state clear and convincing reasons that are supported by substantial evidence." *Bayliss*, 427 F.3d at 1216 (internal citation omitted). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Id.* Furthermore, if the treating physician's opinion is conclusory, brief, and unsupported by clinical findings, an ALJ need

not accept it in light of conflicting opinions.  *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001).  Generally, "the opinion of an examining physician is entitled to greater weight than the opinion of a nonexamining physician."  *Ryan*, 528 F.3d at 1198.

### III. DISCUSSION

**A.    The ALJ's Assessment of Brooks' Residual Functional Capacity Properly Accounts for Brooks' Limitations**

Brooks argues that the ALJ committed reversible error by failing to include limitations in his residual functional capacity assessment that account for Dr. Aulakh's opinion that Brooks "may have difficulty maintaining adequate concentration and pace during an 8 hour work day."  (AR 418).  The ALJ determined that Brooks possessed the residual functional capacity to perform light work and that Brooks can "perform simple tasks" and "make simple work-related decisions with few workplace changes and no public contact."  (AR 25).  Brooks asserts that this assessment does not adequately address the impairment in Brooks' ability to concentrate, to keep pace, or to persist in an activity.

In *Stubbs-Danielson v. Astrue*, 539 F.3d 1169 (9th Cir. 2008), the Ninth Circuit affirmed an ALJ's residual functional capacity assessment that the claimant could "perform simple, routine, repetitive sedentary work, requiring no interaction with the public," despite an examining doctor's finding that the claimant was moderately limited in her ability "to perform at a consistent pace without an unreasonable number and length of rest periods." 539 F.3d at 1173-74.  The Ninth Circuit found that by restricting the claimant to work involving "simple tasks," the ALJ did not reject the examining doctor's opinion.  Rather, the ALJ translated the claimant's mental limitations "into the only concrete restrictions available to him."  *Id.* at 1174.  The court therefore held that the ALJ's residual functional capacity assessment "properly incorporated the limitations identified by [the examining doctor], including those related to pace and the other mental limitations regarding attention, concentration, and adaption."  *Id.*

Here, the ALJ considered the medical opinion of Dr. Aulakh identifying Brooks' potential problems with pace and consistency, as well as Dr. Paxton's opinion that Brooks

could perform simple level tasks. Like the ALJ in *Stubbs-Danielson* who translated similar medical opinions into a concrete work limitation, the ALJ here limited Brooks to simple tasks in a non-public setting. The Court finds that the opinions of Dr. Aulakh and Dr. Paxton are not inconsistent with one another, and that the ALJ's limitation of Brooks to simple tasks is not contrary to or a rejection of Dr. Aulakh's opinion. Rather, the ALJ's residual functional capacity assessment is a reasonable translation of Dr. Aulakh's findings into a concrete work limitation. Therefore, the Court finds that the ALJ did not commit legal error in weighing the medical evidence related to Brooks' mental impairment.

## IV. CONCLUSION

After properly weighing the medical opinions in the record, substantial evidence supports the ALJ's assessment of Brooks' residual functional capacity for light work, with certain limitations. Plaintiff's motion for summary judgment is DENIED. Defendant's cross-motion for summary judgment is GRANTED.

IT IS SO ORDERED.

Date: December 5, 2013

_____
Nathanael M. Cousins
United States Magistrate Judge